Zheng Liu (SBN 279327)
Email: aliu@kwanip.com
Telephone: (650) 475-6289
KWAN & OLYNICK LLP
2000 Hearst Ave Ste 305
Berkeley, CA 94709-2130
Telephone: (510) 900 - 9501
Facsimile: (510) 900 - 9502

*Attorney for Defendants*
*Jollychic Inc. and Haiyan Li*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NS INT'L TEXTILES, a South Korea Corporation,

Plaintiff,

vs.

JOLLYCHIC INC., a Delaware Corporation; HAIYAN LI, an individual; and DOES 1-10, inclusive,

Defendants.

Case No.: 2:18-cv-02730-JFW-PJW

**JOLLYCHIC INC.'S ANSWER TO PLAINTIFF NS INT'L TEXTILES' COMPLAINT;**

**AFFIRMATIVE DEFENSES;AND**

**DEMAND FOR JURY TRIAL**

Case Filed: April 6, 2018

Trial Date: Not Set

Defendant JOLLYCHIC INC. ("Defendant" or "JOLLYCHIC") hereby answers the Complaint of Plaintiff NS INT'L TEXTILES ("Plaintiff"), raises certain affirmative defenses, and demands trial by jury as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. §101 *et seq.*

**ANSWER:** Admitted.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and (b).

**ANSWER:** Admitted.

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**ANSWER:** Denied.

**PARTIES**

4. NS INT'L TEXTILES ("Plaintiff") is a corporation organized and existing under the laws of South Korea.

**ANSWER:** Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

5. Plaintiff is informed and believes and thereon alleges that Defendant JOLLYCHIC INC ("JOLLYCHIC"), is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Delaware, registered and doing business in California, with its principal place of business at 29899 Balentine Drive, Ste 165 Newark, CA 94560.

**ANSWER:** Denied.

6. Plaintiff is informed and believes and thereon alleges that Defendant HAIYAN LI ("LI"), is, and at all times herein mentioned was, an individual residing in Newark, California. Plaintiff is informed and believes and thereon alleges that Defendant LI is, and at all times herein mentioned was, the owner and

principle of JOLLYCHIC with its principal place of business at 29899 Balentine Drive, Ste 165 Newark, CA 94560.

**ANSWER:** Denied.

7. Named Defendants, and Does 1-10, may be collectively referred to as "Defendants."

**ANSWER**: There is no factual allegation and therefore a response is not necessary.

8. Plaintiff is informed and believes and thereon alleges that some of Defendants Does 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted design(s) (as hereinafter defined) without Plaintiffs knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise, and capacities of defendants sued herein as Does 1 through 3 are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of defendants designated as a DOE is responsible in some manner for the events alleged herein and the damages caused thereby.

**ANSWER:** Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

9. Defendants DOES 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiffs copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual

or otherwise, and capacities of defendants sued herein as Does 4 through 10 are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained.

**ANSWER:** Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

10. Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto each of Defendants acted in concert with each other, was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently rarified and adopted, or both, each and all of the acts or conducts alleged, with full knowledge of all the facts and circumstances, including without limitation to full knowledge of each and every wrongful conducts and Plaintiff's damages caused therefrom.

**ANSWER:** Denied.

**CLAIMS RELATED TO DESIGN**

11. Plaintiff is the owner and author of a two-dimensional artwork called NS099. ("Subject Design"). (Exhibit A).

**ANSWER:** Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

12. Plaintiff applied for a copyright from the United States Copyright Office for the Subject Design and was granted Registration VA 2-047-000 effective on April 27 26, 2017. (Exhibit B).

**ANSWER:** Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

13. Plaintiff formatted the Subject Design for use on textiles, sampled the Subject Design, and negotiated sales of fabric bearing the Subject Design.

**ANSWER:** Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

14.Plaintiff is informed and believes and thereon alleges that Defendants, each of them, had access to the Subject Designs, including without limitation, through: (a) access to Plaintiffs showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples; and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Designs.

**ANSWER:** Denied.

15. Plaintiff is informed and believes and thereon alleges that, without Plaintiffs authorization, Defendant JOLLYCHIC purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to, the Subject Design. A true and correct copy of such a garment is attached hereto as Exhibit C. Said garments include but are not limited to garments sold by JOLLYCHIC under the Style #4SQ2821062Q.

**ANSWER:** Denied.

16. At various times Defendant JOLLYCHIC owned and controlled offline and/or online retail stores, and each, Plaintiffs investigation revealed that

garments comprised of fabric bearing the Subject Design were being offered for sale, garments which were manufactured and/or imported under the direction of the Defendants, and each of them.

**ANSWER:** Denied.

17 .Plaintiff is informed and believes and thereon alleges that Defendant LI as the principal and the owner had the control over JOLLYCHIC and its business transactions, and knowingly participated in JOLLYCHIC's purchase, online/offline sale, online/offline marketing, online/offline advertising, manufacturing, causing to be manufactured, importing and/or online/offline distributing fabric and/or garments comprised of fabric featuring a design which is identical or substantially similar to, the Subject Design.

**ANSWER:** Denied.

18. None of the aforementioned transactions were authorized by Plaintiff, and all were in violation of Plaintiffs intellectual property rights.

**ANSWER:** Denied.

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against all Defendants, and Each)

19. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 18, inclusive, of this Complaint.

**ANSWER:** Answering Defendant responds to each allegation as set forth above.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, accessed the Subject Design through, without limitation, the following: (a) access to Plaintiff's design library; (b) access to authorized or unauthorized reproductions in the possession of other vendors and/or DOE Defendants; and (c) access to Plaintiff's strike-offs, swatches, paper CADs and

samples.

**ANSWER:** Denied.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by importing, creating, marketing, advertising, making, and/or developing directly infringing and/or derivative works from the Subject Design and by importing, producing, distributing and/or selling infringing garments through a nationwide network of retail stores, catalogues, and online websites.

**ANSWER:** Denied.

22. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

**ANSWER:** Denied.

23. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages to its business in an amount to be established at trial.

**ANSWER:** Denied.

24. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

**ANSWER:** Denied.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

**ANSWER:** Denied.

**SECOND CLAIM FOR RELIEF**

(For Vicarious Copyright Infringement- Against All Defendants)

26. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 25, inclusive, of this Complaint.

**ANSWER:** Answering Defendant responds to each allegation as set forth above.

27.Plaintiffis informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in and resultantly profited from the illegal reproduction, importation, purchase, marketing, advertisement, distribution and/or sales of product featuring the Subject Design as alleged herein above.

**ANSWER:** Denied.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing product.

**ANSWER:** Denied.

29.By reason of the Defendants', and each of their, acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

**ANSWER:** Denied.

30. Due to Defendants' acts of contributory and/or vicarious copyright infringement as alleged herein, Defendants, and each of them, have obtained direct

and indirect profits they would have not otherwise realized bur for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, an amount to be established at trial.

**ANSWER:** Denied.

3l. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiffs rights such that Plaintiff is entitled to a finding of willful infringement.

**ANSWER:** Denied.

**THIRD CLAIM FOR RELIEF**

(Contributory Copyright Infringement- Against All Defendants)

32. Plaintiff repeats, re-alleges and incorporates herein by reference as though full set forth the allegations contained hereforeto, inclusive, of this Complaint.

**ANSWER:** Answering Defendant responds to each allegation as set forth above.

33 .Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, caused, materially contributed to, participated in, encourages, aided and abetted in and resultantly profited from the illegal Reproduction, importation, purchase, marketing, advertising, distribution and/or sales of product featuring the Subject Design as alleged herein above.

**ANSWER:** Denied.

34. By reason of the Defendants', and each of their, acts of contributory copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to established at trial, as well as additional general and special damages in an amount to be established at

trial.

**ANSWER:** Denied.

35.Due to Defendants' acts of contributory copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized bur for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, an amount to be established at trial.

**ANSWER:** Denied.

36. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

**ANSWER:** Denied.

[*The remainder of the complaint consists of a prayer for relief, to which no response is required*.]

## ***AFFIRMATIVE DEFENSES***

For its affirmative defenses, and without altering any applicable burdens, JOLLYCHIC alleges that Plaintiff's claims are barred, in whole, or in part, as follows:

### ***FIRST DEFENSE:***

**Independent Creation / No Copying**

1. To the extent that Plaintiff's allegedly-original design at issue (the "Copyright In Suit") is similar to Defendants' products, any such similarities are not the result of any actual copying of Plaintiff's design by the Answering Defendant or its agents. Rather, on information and belief, the design appearing on products allegedly sold by the Answering Defendant was independently created by JOLLYCHIC's vendor(s), or its upstream suppliers, designers, agents, or factories, based on preexisting, public-domain materials.

### ***SECOND DEFENSE:***

**Equitable Estoppel for Inducement or Inaction**

*(In the Alternative to Independent Creation)*

2. On information and belief, Plaintiff knew, should have known, or was willfully blind as to facts of Defendants' allegedly-infringing conduct. This includes facts related to the allegedly-infringing conduct of the Answering Defendant, as well as of the upstream conduct of John Doe defendants involved in supplying the garments at issue, and also the conduct of certain other unknown third parties, including agents of Plaintiff, to whom Plaintiff has previously disclosed its allegedly-original, copyright-protected design in the past (hereafter, "Roes 1-10"). The named Defendants, the John Doe defendants, and Roes 1-10, are hereafter referred to as the "Induced Parties."

3. On information and belief, Plaintiff intended that its conduct be acted

upon, or it acted so that the Induced Parties, and each of them, had a right to believe that Plaintiff intended for its conduct to be acted upon. Specifically, Plaintiff, or its agents, induced the infringement of its copyrighted design by actively trying to ensure that its design was made available in the print fabric marketplace, without attribution or copyright notice, and from there distributed throughout the world, so that the design could then serve as the basis for copyright lawsuits, when garments bearing the design were imported and sold in United States. Or, at the very least, Plaintiff failed to take appropriate and reasonable action, for a prolonged period of time, that would have helped stop dissemination of supposedly-proprietary and original Plaintiff design into the print fabric marketplace.

4. JOLLYCHIC was ignorant of the true facts of Plaintiff's inducement, inaction, and other conduct.

5. JOLLYCHIC relied upon Plaintiff's inducement, inaction, and other conduct to their injury.

***THIRD DEFENSE:***
**Unclean Hands**

*(In the Alternative to Independent Creation)*

6. The allegations of the second affirmative defense are incorporated here by reference.

7. To the extent that Plaintiff or its agents actively induced the dissemination of Plaintiff's design into the print fabric marketplace, so as to then sue in the United States for infringement, that also amounts to unclean hands by Plaintiff.

8. On information and belief, Plaintiff's inducement of infringement of the Copyright in Suit was a transgression of serious proportions that relates directly to the subject matter of this infringement action.

***FOURTH DEFENSE:***
**Implied License**

*(In the Alternative to Independent Creation)*

9. The allegations of the second affirmative defense are incorporated here by reference.

10. To the extent that Plaintiff or its agents actively induced the dissemination of Plaintiff's design into the print fabric marketplace, or failed to take reasonable action to stop such dissemination, Plaintiff's conduct and representations gives rise to an implied license granted by Plaintiff to the Induced Parties. If JOLLYCHIC purchased any finished products made from fabric in the marketplace that originated with other of the Induced Parties, then, on information and belief, such purchases came with an implied license to reproduce, distribute, and otherwise make commercial use of the Copyright in Suit, which Plaintiff disseminated into the marketplace.

***FIFTH DEFENSE:***
**First Sale**

*(In the Alternative to Independent Creation)*

11. The allegations of the second affirmative defense are incorporated here by reference.

12. Assuming the Copyright In Suit is an original work of authorship, and that the copyright rights thereto are properly owned by Plaintiff, then, on information and belief, any fabric bearing the design was lawfully produced with authorization of the copyright owner.

13. The particular design template for the Copyright In Suit, as well as actual fabric created from that template which allegedly contains or embodies the Copyright In Suit, was transferred to unknown vendors under authority of the copyright owner, whether via Plaintiff directly, or via the John Doe defendants or

Roes 1-10.

14. The unknown vendors who received the design from Plaintiff, or the John Doe defendants, or Roes 1-10, were thus lawful owners of the particular design template and fabric allegedly embodying the Copyright In Suit.

15. The unknown vendors who received the particular design template and fabric embodying the Copyright In Suit thereupon simply distributed the particular template and fabric that allegedly embodies the Copyright In Suit.

16. Accordingly, the doctrine of first sale extinguished the copyright owners' rights in and to the allegedly copyrighted goods embodying the Copyright In Suit.

***SIXTH DEFENSE:***

**Incorrect Information Included in Copyright Registration Application**

[17 U.S.C. § 411(b)]

17. On information and belief, Plaintiff included inaccurate information on Plaintiff's application for copyright registration with knowledge that it was inaccurate.

18. On information and belief, the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.

***SEVENTH DEFENSE:***

**Fraud on the Copyright Office**

19. On information and belief, Plaintiff knowingly included information in its registration application that was false and that was intended to defraud the Copyright Office into issuing the registration at issue.

20. On information and belief, if the Copyright Office had known the true facts, it would have refused registration for the registration at issue.

***EIGHTH DEFENSE:***

**Statutory Damages Under the Copyright Act Are Unconstitutional**

21. Under the Copyright Act, Congress did not intend to burden juries with deciding on the amount of statutory damages; rather, Congress intended that judges set such awards. 17 U.S.C. § 504(c)(1) (statutory damages may be awarded in an amount "the court considers just"); id. at (c)(2) (where "the court finds" that infringement was committed willfully "the court in its discretion may increase the award"). *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 346-47 (1998) ("The word 'court' in this context appears to mean judge, not jury. . . We thus discern no statutory right to a jury trial when a copyright owner elects to recover statutory damages").

22. The Seventh Amendment to the U.S. Constitution guarantees a right to jury trial on "suits at law." In *Feltner*, a case where a defendant had demanded that a jury determine statutory damages, the Supreme Court looked to 18th Century history and determined that a suit for copyright infringement is historically akin to a suit "at law." *Id*. at 349-55. Thus, the Supreme Court held, "the Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself." *Id*. at 355.

23. It is therefore clear that Section 504 of the Copyright Act, wherein Congress gave judges, rather than juries, the authority to award statutory damages violates the Seventh Amendment of the U.S. Constitution. See 5-14 Nimmer on Copyright § 14.04[C][2] (Dec. 2015 ed.) ("Eight justices of the United States Supreme Court have now determined that Congress did not allow for juries to be appointed under Section 504(a), which is therefore unconstitutional. . .") (citing *Feltner*, 523 U.S. at 347).

24. Accordingly, since Section 504 of the Copyright Act is facially unconstitutional, it should be deemed invalid such that it cannot serve as the basis for a statutory damages award. See 5-14 Nimmer on Copyright § 14.04[C][2]

(Dec.2015 ed.) (criticizing _Feltner_ as "unsettling" and calling into question the Supreme Court's ostensible justification for obliquely allowing statutory damages to continue to be awarded even though the only statute allowing them says they should be provided by judges, not juries, and is thus unconstitutional. "This field appears to have sunk into disarray. . . Until such time as a different viewpoint of the Seventh Amendment prevails, and Congress is allowed to commit the award of statutory damages to district judges in the exercise of their discretion, the impasse between robe and venire may simply persist."); cf. *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 US 424, 432 (2001) ("Unlike the measure of actual damages suffered, which presents a question of historical or predictive fact, []the level of punitive damages is not really a 'fact' 'tried' by the jury.'").

25. Further, in a case where actual damages are minimal or non-existent such as this one, it is possible that even the minimum amount of statutory damages prescribed under the Copyright Act of $750 per work of authorship, or such other higher figure as might be returned by a verdict, would amount to an unconstitutional deprivation of a defendant's due process, as applied.

## ***NINTH DEFENSE:***
## **Knowledge, Consent, and Acquiescence**

26. On information and belief, Plaintiff's claims are barred in whole or in part by Plaintiff's knowledge, consent, and acquiescence, with respect to the alleged infringement, which Plaintiff was aware of and in fact took steps to help facilitate.

## ***TENTH DEFENSE:***
## **Failure to Mitigate**

27. On information and belief, Plaintiff's claims are barred in whole or in part because Plaintiff was aware that the allegedly original copyrighted design it purports to own was being allegedly infringed online, and purposefully avoided

taking steps that might mitigate the spread of infringement.

***ELEVENTH DEFENSE:***

**Misuse of Copyright**

28. On information and belief, Plaintiff's claims are barred in whole or in part because Plaintiff's tactics of permitting or inducing—and then aggressively policing—infringements constitute copyright misuse. The defense of misuse "need not even be grounded in anti-competitive behavior, and extends to any situation implicating 'the public policy embodied in the grant of a copyright.'" *Disney Enters., Inc. v. Redbox Automated Retail, LLC*, No. 17-cv-08655-DDP(AGRx), slip op. at 16-17 (C.D. Cal. Feb. 20, 2018) (order denying motion for preliminary injunction) (quoting *Omega S.A. v. Costco Wholesale Corp*., 776 F.3d 692, 699-700 (9th Cir. 2015) (Wardlaw, J. concurring)).

29. The underlying policy of copyright law's "statutory monopoly" recognizes that "private motivation must ultimately serve the cause of promoting broad public availability of literature, music, and the other arts." *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975). While fabric copyright plaintiffs enjoy a limited monopoly over their designs, the use of infringement lawsuits as a business model reduces the choices available to consumers of apparel, frustrating the policy goals of copyright.

***TWELFTH DEFENSE:***

**Intervening Acts**

30. On information and belief, Plaintiff's claims are barred in whole or in part because the damages complained of were the result of intervening actions of others and were not proximately caused by the actions or omissions of Answering Defendant.

***THIRTEENTH DEFENSE:***

**Innocent Intent**
[17 U.S.C. § 504(c)(2)]

31. Plaintiff's damages, if any, are limited because Answering Defendant was not aware and had no reason to believe that their acts constituted an infringement of copyright.

***FOURTEENTH DEFENSE:***

**Fair Use**

32. Plaintiff's claims are barred in whole or in part by the doctrine of fair use in that the subject garment design sold by Answering Defendant was and constitutes new and unique artistic expression as compared to the original elements, if any, for the Copyright In Suit.

***FIFTEENTH DEFENSE:***

***De Minimis* Infringement**

33. Plaintiff's claims are barred in whole or in part because any copying of original elements or other violations of rights which may have occurred was *de minimis*.

***SIXTEENTH DEFENSE:***

**Failure to State a Claim Upon Which Relief Can be Granted**
[Fed. R. Civ. P. 12(b)(6)]

34. Plaintiff has failed to state a claim upon which relief can be granted.

***SEVENTEENTH DEFENSE:***

**Failure to Join a Party Under Rule 19**
[Fed. R. Civ. P. 12(b)(7)]

35. On information and belief, Plaintiff may have failed to join a required party, however, the identity of such a party is presently unknown to Answering Defendant.

***EIGHTEENTH DEFENSE:***

**Lack of Volitional Conduct**

36. Plaintiffs' claims are barred because the alleged infringement was not caused by a volitional act attributable to the Answering Defendant.

***ADDITIONAL DEFENSES:***

37. JOLLYCHIC reserves the right to supplement or amend this Answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

**ACCORDINGLY**, JOLLYCHIC hereby prays that Plaintiff takes nothing on its complaint and that Defendant recovers its costs, including attorneys' fees under the Copyright Act, and such other further relief as the Court may deem just and proper.

***DEMAND FOR JURY TRIAL***

JOLLYCHIC hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: June 22, 2018

KWAN & OLYNICK LLP

By: */s/ Zheng Liu*

Zheng Liu
Attorney for Defendant,
JOLLYCHIC INC.