C. YONG JEONG, ESQ. (SBN: 255244)
jeong@jeonglikens.com
JEONG & LIKENS, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel: 213-688-2001
Fax: 213-315-5035

Attorney for Plaintiff NS INT'L TEXTILES

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NS INT'L TEXTILES, a South Korea Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>JOLLYCHIC INC, a Delaware Corporation; HAIYAN LI, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-02730-JFW-PJW<br><br>**[PROPOSED] PLAINTIFF'S JURY INSTRUCTIONS**<br><br>Pre-Trial Conference Date: May 10, 2019<br><br>Pre-Trial Conference Time: 10:00 am<br><br>Trial Date: May 28, 2019<br><br>Courtroom: 7A<br><br>Judge: Hon. John F. Walter |

i

Plaintiff NS INT'L TEXTILES hereby submit the following proposed jury instructions.

### INDEX OF JURY INSTRUCTIONS

| No. | Title | Source | Disputed/Undisputed | Page |
|---|---|---|---|---|
| 1 | DUTY OF JURY | 9th Cir. 1.1B | | 1 |
| 2 | DUTY OF JURY | 9th Cir. 1.1C | | 2 |
| 3 | BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE | 9th Cir. 1.3 | | 3 |
| 4 | NONPERSON PARTY | CACI 104 | | 4 |
| 5 | TWO OR MORE PARTIES - DIFFERENT LEGAL RIGHTS | 9th Cir. 1.5 | | 5 |
| 6 | WHAT IS EVIDENCE | 9th Cir. 1.6 | | 6 |
| 7 | WHAT IS NOT EVIDENCE | 9th Cir. 1.7 | | 7 |
| 8. | EVIDENCE FOR LIMITED PURPOSE | 9th Cir. 1.8 | | 8 |
| 9 | DIRECT AND CIRCUMSTANTIAL EVIDENCE | 9th Cir. 1.9 | | 9 |
| 10 | RULING ON OBJECTIONS | 9th Cir. 1.10 | | 10 |
| 11 | CREDIBILITY OF WITNESSES | 9th Cir. 1.11 | | 11 |
| 12 | CONDUCT OF JURY | 9th Cir. 1.12 | | 12-13 |
| 13 | NO TRANSCRIPT AVAILABLE TO JURY | 9th Cir. 1.13 | | 14 |
| 14 | TAKING NOTES | 9th Cir. 1.14 | | 15 |
| 15 | QUESTIONS TO WITNESSES BY JURORS | 9th Cir. 1.15 | | 16 |

PLAINTIFF'S JURY INSTRUCTIONS

| 16 | JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION | 9th Cir. 1.16 | | 17 |
|---|---|---|---|---|
| 17 | USE OF INTERPRETERS IN COURT | 9th Cir. 1.17 | | 18 |
| 18 | BENCH CONFERENCES AND RECESSES | 9th Cir. 1.18 | | 19 |
| 19 | OUTLINE OF TRIAL | 9th Cir. 1.19 | | 20 |
| 20 | INSTRUCTIONS TO ALTERNATE JURORS | CACI 111 | | 21 |
| 21 | DEPOSITION AS SUBSTANTIVE EVIDENCE | 9th Cir. 2.4 | | 22 |
| 22 | FOREIGN LANGUAGE TESTIMONY | 9th Cir. 2.7 | | 23 |
| 23 | IMPEACHMENT EVIDENCE - WITNESS | 9th Cir. 2.8 | | 24 |
| 24 | WITNESS WILLFULLY FALSE | BAJI 2.22 | | 25 |
| 25 | FAILURE TO EXPLAIN OR DENY EVIDENCE | CACI 205 | | 26 |
| 26 | USE OF INTERROGATORIES OF A PARTY | 9th Cir. 2.10 | | 27 |
| 27 | EXPERT OPINION | 9th Cir. 2.11 | | 28 |
| 28 | CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE | 9th Cir. 2.12 | | 29 |
| 29 | DUTY TO DELIBERATE | 9th Cir. 3.1 | | 30 |
| 30 | CONSIDERATION OF EVIDENCE - CONDUCT OF THE JURY | 9th Cir. 3.1A | | 31 |

iii

| 31 | COMMUNICATION WITH THE COURT | 9th Cir. 3.2 | | 32 |
|---|---|---|---|---|
| 32 | CORPORATIONS AND PARTNERSHIPS-FAIR TREATMENT | 9th Cir. 4.1 | | 33 |
| 33 | INTERPRETATION - MEANING OF TECHNICAL WORDS | CACI 316 | | 34 |
| 34 | LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE | 9th Cir. 4.2 | | 35 |
| 35 | PRELIMINARY INSTRUCTION— COPYRIGHT | 9th Cir. 17.0 | | 36-38 |
| 36 | COPYRIGHT—DEFINED | 9th Cir. 17.1 | | 39 |
| 37 | COPYRIGHT—SUBJECT MATTER—GENERALLY | 9th Cir. 17.2 | | 40 |
| 38 | COPYRIGHT INFRINGEMENT— ELEMENTS—OWNERSHIP AND COPYING | 9th Cir. 17.4 | | 41 |
| 39 | COPYRIGHT INFRINGEMENT— OWNERSHIP OF VALID COPYRIGHT—DEFINITION | 9th Cir. 17.5, its supplemental instructions re: Copyright Certificate, *Lamps Plus, Inc. v. Seattle Lighting Fixture Co*., 345 F.3d 1140, 1144–45 (9th Cir.2003). | | 42 |

iv

| **40** | COPYRIGHT INFRINGEMENT—ORIGINALITY | 9th Cir. 17.12 | | 43 |
|---|---|---|---|---|
| **41** | COPYRIGHT INTEREST - DERIVATIVE WORK | 9th Cir. Civ. 17.13 | | 44 |
| **42** | COPYING—ACCESS AND SUBSTANTIAL SIMILARITY | 9th Cir. 17.15; its supplemental instructions; *Three Boys Music Corp.*, 212 F.3d at 486; *Swirsky v. Carey*, 376 F.3d 841, 844-45 (9th Cir.2004); *Rice v. Fox Broadcasting Co.*, 330, F.3d 1170, 1178 (9th Cir.2003). | | 45 |
| **43** | SUBSTANTIAL SIMILARITY-EXTRINSIC TEST AND INTRINSIC TEST | [Source: Comment to 9th Cir. 17.17; *L.A. Printex Industries v. Aeropostale*, 676 F.3d 841, 848-50 (9th Cir. 2012); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 362 (1991); *Cavalier v. Random House, Inc.,* 297 F.3d 815, 826-27 (9th Cir. 2002).] | | 46 |
| **44** | COPYRIGHT INFRINGEMENT—COPYING—ACCESS DEFINED | 9th Cir. 17.16 | | 47 |
| **45** | STRIKING SIMILARITY | Supplemental Instruction to 9th Cir. 17.16; *Three Boys* | | 48 |

| | | | | |
|---|---|---|---|---|
| | | *Music Corp. v. Bolton,* 212 F.3d 477, 485 (9th Cir.2000) (citing *Smith v. Jackson,* 84 F.3d 1213, 1220 (9th Cir.1996); *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir.); *Selle v. Gibb,* 741 F.2d 896, 903 (7th Cir.1984). | | |
| **46** | INNOCENT INFRINGEMENT IS NO DEFENSE | *Warner Bros. Records Inc. v. Walker*, 704 F. Supp. 2d 460, 465 (W.D. Pa. 2010) (citations omitted). | | 49 |
| **47** | DERIVATIVE LIABILITY—VICARIOUS INFRINGEMENT—ELEMENTS AND BURDEN OF PROOF | 9th Cir. 17.20 | | 50 |
| **48** | DERIVATIVE LIABILITY—CONTRIBUTORY INFRINGEMENT | 9th Cir. 17.21 | | 51 |
| **49** | COPYRIGHT—DAMAGES | 9th Cir. 17.22 | | 52 |
| **50** | COPYRIGHT—DAMAGES—ACTUAL DAMAGES | 9th Cir. 17.23 | | 53 |
| **51** | COPYRIGHT – DAMAGES – DEFENDANT'S PROFITS | 9th Cir. 17.24 *as modified*; *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1332 (9th Cir.1984). | | 54 |
| **52** | BURDEN OF PROOF TO EXPENSES | 17 U.S.C. § 504(b); *Three Boys Music Corn. v. Bolton*, 212 F.3d 477, 487 (9th Cir. | | 55 |

vi

| | | | | |
|---|---|---|---|---|
| | | 2000); more cases shown on the instruction page | | |
| **53** | COPYRIGHT DAMAGES—STATUTORY DAMAGES | 9th Cir. 17.25 | | 56 |
| **54** | COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT | 9th Cir. 17.27 | | 57 |
| **55** | MODIFICATIONS AS EVIDENCE OF WILLFUL INFRINGEMENT | *Runge v. Lee*, 441 F.2d 579, 582 (9th Cir. 1971); *Universal Pictures Co., Inc. v. Harold Lloyd Corp.*, 162 F.2d 354, 360 (9th Cir. 1947); *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 56 (2d Cir. 1936); *Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 121 (2d Cir. 1930) | | 58 |
| **56** | SALES AFTER NOTICE OF INFRINGEMENT AS EVIDENCE OF WILLFUL INFRINGEMENT | *Dolman v. Agee*, 157 F.3d 708, 715 (9th Cir.1998) | | 59 |
| **57** | PERSONAL LIABILITY OF CORPORATE OFFICERS | *Comcast of Illinois X v. Multi-Vision Electronics*, 491 F. 3d 938, 947 (8th Cir. 2007); more cases shown on the instruction. | | 60 |

Instruction No. 1 Re DUTY OF JURY (COURT READS INSTRUCTIONS ONLY)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority:
9th Cir. 1.1B

PROPOSED JURY INSTRUCTIONS

Instruction No. 2 Re DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority:
9th Cir. 1.1C

PROPOSED JURY INSTRUCTIONS

Instruction No. 3 Re BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented

Authority:
9th Cir. 1.3

PROPOSED JURY INSTRUCTIONS

Instruction No. 4 Re NONPERSON PARTY

There are corporations as parties in this lawsuit.  The corporations are entitled to the same fair and impartial treatment that you would give to an individual. You must decide this case with the same fairness that you would use if you were deciding the case between individuals.

When I use words like "person" or "he" or "she" in these instructions to refer to a party, those instructions also apply to the corporations.

Authority:
CACI 104

PROPOSED JURY INSTRUCTIONS

Instruction No. 5 Re TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

Authority:

9th Cir. 1.5

Instruction No. 6 Re WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

    (1) the sworn testimony of any witness;

    (2) the exhibits which are received into evidence; and

    (3) any facts to which the lawyers have agreed.

Authority:
9th Cir. 1.6

PROPOSED JURY INSTRUCTIONS

Instruction No. 7 Re WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; if I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Authority:
9th Cir. 1.7

PROPOSED JURY INSTRUCTIONS

Instruction No. 8 Re EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Authority:

9th Cir. 1.8

Instruction No. 9 Re DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Authority:
9th Cir. 1.9

9

Instruction No. 10 Re RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority:
9th Cir. 1.10

Instruction No. 11 Re CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

> (1) the opportunity and ability of the witness to see or hear or know the things testified to;
> (2) the witness's memory;
> (3) the witness's manner while testifying;
> (4) the witness's interest in the outcome of the case and any bias or prejudice;
> (5) whether other evidence contradicted the witness's testimony;
> (6) the reasonableness of the witness's testimony in light of all the evidence; and
> (7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Authority:
9th Cir. 1.11

PROPOSED JURY INSTRUCTIONS

Instruction No. 12 Re CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these

restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Authority:

9th Cir. 1.12

Instruction No. 13 Re NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Authority:
9th Cir. 1.13

PROPOSED JURY INSTRUCTIONS

Instruction No. 14 Re TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Authority:
9th Cir. 1.14

PROPOSED JURY INSTRUCTIONS

Instruction No. 15 Re QUESTIONS TO WITNESSES BY JURORS

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

Authority:
9th Cir. 1.15

Instruction No. 16 Re JURY TO BE GUIDED BY OFFICIAL ENGLISH
TRANSLATION/INTERPRETATION

Languages other than English may be used during this trial.

The evidence to be considered by you is only that provided through the official court interpreters.
Although some of you may know the language to be used, it is important that all jurors consider
the same evidence. Therefore, you must accept the English translation. You must disregard any
different meaning.

Authority:
9th Cir. 1.16

Instruction No. 17 Re USE OF INTERPRETERS IN COURT

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

Authority:

9th Cir. 1.17

PROPOSED JURY INSTRUCTIONS

Instruction No. 18 Re BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority:
9th Cir. 1.18

PROPOSED JURY INSTRUCTIONS

Instruction No. 19 Re OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.


Authority:
9th Cir. 1.19

PROPOSED JURY INSTRUCTIONS

Instruction No. 20 Re INSTRUCTION TO ALTERNATE JURORS

As an alternate juror, you are bound by the same rules that govern the conduct of the jurors who are sitting on the panel. You will observe the same trial and should pay attention to all of my instructions just as if you were sitting on the panel. Sometimes a juror needs to be excused during a trial for illness or some other reason. If that happens, an alternate will be selected to take that juror's place.

Authority:
CACI 111

PROPOSED JURY INSTRUCTIONS

Instruction No. 21 Re DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of a witness was taken prior to the Trial.  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Authority:
9th Cir. 2.4

Instruction No. 22 Re FOREIGN LANGUAGE TESTIMONY

Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the language used, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

Authority:
9th Cir. 2.7

PROPOSED JURY INSTRUCTIONS

Instruction No. 23 Re IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Authority:
9th Cir. 2.8

24

Instruction No. 24 Re WITNESS WILLFULLY FALSE

A witness, who is willfully false in one material part of his or her testimony, is to be distrusted in others. You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars.

Authority:
BAJI 2.22

PROPOSED JURY INSTRUCTIONS

Instruction No. 25 Re FAILURE TO EXPLAIN OR DENY EVIDENCE

If a party failed to explain or deny evidence against him/her/it when he/she/it could reasonably be expected to have done so based on what he/she/it knew, you may consider his/her/its failure to explain or deny in evaluating that evidence.

It is up to you to decide the meaning and importance of the failure to explain or deny evidence against the party.

Authority:

CACI 205

Instruction No. 26 Re USE OF INTERROGATORIES OF A PARTY

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers may be presented in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Authority:
9th Cir. 2.10

Instruction No. 27 Re EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Instruction No. 28 Re CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Authority:
9th Cir. 2.12

PROPOSED JURY INSTRUCTIONS

Instruction No. 29 Re DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:
9th Cir. 3.1

PROPOSED JURY INSTRUCTIONS

Instruction No. 30 Re CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Authority:
9th Cir. 3.1A

---

31

Instruction No. 31 Re COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Authority:
9th Cir. 3.2

Instruction No. 32 Re CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Authority:

9th Cir. 4.1

PROPOSED JURY INSTRUCTIONS

Instruction No. 33 Re INTERPRETATION—MEANING OF TECHNICAL WORDS

You should assume that the parties intended technical words used in the contract to have the meaning that is usually given to them by people who work in that technical field, unless you decide that the parties clearly used the words in a different sense.

Authority:

CACI 316

PROPOSED JURY INSTRUCTIONS

Instruction No. 34 Re LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Authority:
9th Cir. 4.2

PROPOSED JURY INSTRUCTIONS

Instruction No. 35 Re PRELIMINARY INSTRUCTION—COPYRIGHT

The plaintiff, NS INT'L TEXTILES, claims ownership of a copyright and seeks damages against the defendants, JOLLYCHIC INC and HAIYAN LI, for copyright infringement. The defendant denies infringing the copyright and contends that the copyright is invalid and asserts affirmative defenses. To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

**DEFINITION OF COPYRIGHT**

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

**COPYRIGHT INTERESTS**

The copyright owner may transfer or sell to another person all or part of the owner's property interest in the copyright, that is, the right to exclude others from reproducing, preparing a derivative work from, distributing, performing, or displaying, the copyrighted work. To be valid, the transfer or sale must be in writing. The person to whom a right is transferred is called an assignee.

36

One who owns a copyright may agree to let another reproduce, prepare a derivative work, distribute, perform, or display the copyrighted work. To be valid, the transfer or sale must be in writing. The person to whom this right is transferred is called an exclusive licensee. The exclusive licensee has the right to exclude others from copying the work to the extent of the rights granted in the license.

**HOW COPYRIGHT IS OBTAINED**

Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression. The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

**PLAINTIFF'S BURDEN OF PROOF**

In this case, the plaintiff, NS INT'L TEXTILES, contends that the defendants, JOLLYCHIC INC and HAIYAN LI, have infringed the plaintiff's copyright. The plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of the copyright and that the defendant copied original elements of the copyrighted work. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

**PROOF OF COPYING**

To prove that the defendant copied the plaintiff's work, the plaintiff may show that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and the plaintiff's copyrighted work.

**LIABILITY FOR INFRINGEMENT**

One who reproduces, prepares derivative works from, or distributes a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.

PROPOSED JURY INSTRUCTIONS

Copyright may also be infringed by vicariously infringing or contributorily infringing.

**VICARIOUS INFRINGEMENT**

A person is liable for copyright infringement by another if the person has profited directly from the infringing activity and the right and ability to supervise the infringing activity, whether or not the person knew of the infringement.

**CONTRIBUTORY INFRINGEMENT**

A person is liable for copyright infringement by another if the person knows or should have known of the infringing activity and [induces] [causes] [or] [materially contributes to] the activity.

**DEFENSES TO INFRINGEMENT**

The defendant contends that there is no copyright infringement. There is no copyright infringement where the defendant independently created the challenged work, the defendant made fair use of a copyrighted work by reproducing copies for criticism, comment, news reporting, teaching, scholarship, or research, or the plaintiff has abandoned ownership of the copyrighted work.

Authority:
9th Cir. 17.0

PROPOSED JURY INSTRUCTIONS

Instruction No. 36 Re COPYRIGHT—DEFINED

Copyright is the exclusive right to copy. This right to copy includes the exclusive right[s] to:

(1) authorize, or make additional copies, or otherwise reproduce the copyrighted work in copies;

(2) recast, transform, adapt the work, that is prepare derivative works based upon the copyrighted work;

(3) distribute copies of the copyrighted work to the public by sale or other transfer of ownership;

(4) perform publicly a copyrighted work;

(5)  display publicly a copyrighted graphic work; or

(6) perform a sound recording by means of digital audio transmission.

It is the owner of a copyright who may exercise this exclusive right to copy. The term "owner" includes the author of the work and an assignee. In general, copyright law protects against production, adaptation, distribution, performance, display of substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce this right to exclude others in an action for copyright infringement. Even though one may acquire a copy of the copyrighted work, the copyright owner retains rights and control of that copy, including uses that may result in additional copies or alterations of the work.

Authority:
9th Cir. 17.1

PROPOSED JURY INSTRUCTIONS

Instruction No. 37 Re COPYRIGHT—SUBJECT MATTER—GENERALLY

The two dimensional artwork titled NS099 at issue involved in this trial is known as a graphic work.

You are instructed that a copyright may be obtained in the subject design at issue.

This work can be protected by the copyright law. Only that part of the work comprised of original works of authorship fixed or produced in any tangible form of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device is protected by the Copyright Act.

Copyright protection for an original work of authorship does not extend to any idea, procedure, process, system, method of operation, concept, principle, discovery, regardless of the form in which it is described, explained, illustrated, or embodied.

Authority:
9th Cir. 17.2

PROPOSED JURY INSTRUCTIONS

Instruction No. 38 Re COPYRIGHT INFRINGEMENT—ELEMENTS—OWNERSHIP AND COPYING

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving both of the following by a preponderance of the evidence:

1.  the plaintiff is the owner of a valid copyright; and

2.  the defendant copied original elements from the copyrighted work.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

Authority:
9th Cir. 17.4

PROPOSED JURY INSTRUCTIONS

Instruction No. 39 Re COPYRIGHT INFRINGEMENT—OWNERSHIP OF VALID COPYRIGHT—DEFINITION

The plaintiff is the owner of a valid copyright in NS099 if the plaintiff proves by a preponderance of the evidence that:

1.  the plaintiff's work is original; and

2.  the plaintiff is the author or creator of the work, received a transfer of the copyright, or received a transfer of the ownership right.

A copyright registration certificate can shift the burden of coming forward with proof of plaintiff's ownership of a valid copyright. The certificate constitutes prima facie evidence of the validity of the copyright and facts stated in the certificate. *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144–45 (9th Cir.2003).

Where defendant does not present evidence regarding validity or ownership of copyright: The evidence in this case includes Exhibit 1, a certificate of copyright registration from the Copyright Office. You are instructed that the certificate is prima facie evidence that there is a valid copyright in the subject design.

Authority:
9th Cir. 17.5 and supplemental instructions

42

Instruction No. 40 Re COPYRIGHT INFRINGEMENT—ORIGINALITY

An original work may include or incorporate elements taken from prior works, works from the public domain, or works owned by others with the owner's permission. The original part of the plaintiff's work is the part created:

1. independently by the work's author, that is, the author did not copy it from another work; and

2. by use of at least some minimal creativity.  In copyright law, the "original element" of a work need not be new or novel.

Authority:
9th Cir. 17.12

Instruction No. 41 Re COPYRIGHT INTERESTS—DERIVATIVE WORK (17 U.S.C. §§ 101, 106(2))

A copyright owner is entitled to exclude others from creating derivative works based upon the owner's copyrighted work. The term derivative work refers to a work based on one or more pre-existing works, such as a graphic work, or any other form in which the pre-existing work is recast, transformed, or adapted. Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming or adapting the copyrighted work without the owner's permission.

If the copyright owner exercises the right to create or allow others to create a derivative work based upon the copyrighted work, this derivative work may also be copyrighted. Only what was newly created, such as the editorial revisions, annotations, elaborations, or other modifications to the pre-existing work, is considered to be the derivative work.

Copyright protection of a derivative work covers only the contribution made by the author of the derivative work. If the derivative work incorporates pre-existing work by others or work in the public domain, the derivative author's protection is limited to elements added by the derivative author to the pre-existing work of others or public domain work, or limited to the manner in which the derivative author combined the pre-existing elements by other persons and pre-existing elements in the public domain work into the derivative work.

The owner of a derivative work may enforce the right to exclude others in an action for copyright infringement.

Authority:
9th Cir. Civ. 17.13

PROPOSED JURY INSTRUCTIONS

Instruction No. 42 Re COPYING—ACCESS AND SUBSTANTIAL SIMILARITY

The plaintiff has the burden of proving that the defendant copied original elements from the plaintiff's copyrighted work. The plaintiff may show the defendant copied from the work by showing by a preponderance of the evidence that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and original elements of the plaintiff's work.

If the plaintiff shows the defendant had access to the plaintiff's work and that there is a substantial similarity between the infringed and infringing works, a presumption of copying arises shifting the burden to the defendant to rebut or to show that the alleged infringing work was independently created.  By establishing reasonable access and substantial similarity, a copyright plaintiff creates a presumption of copying. The burden shifts to the defendant to rebut that presumption through proof of independent creation. *Three Boys Music Corp*., 212 F.3d at 486

The access and substantial similarity elements of infringement are "inextricably linked" by an inverse ratio rule. The rule requires a lesser showing of substantial similarity if there is a strong showing of access but a weak showing of access does not require a stronger showing of substantial similarity. *See Three Boys Music Corp.,* 212 F.3d at 486.

Where a high degree of access is shown, a lower standard of proof of substantial similarity is required and noting that this burden is carried by the plaintiff. *Swirsky v. Carey*, 376 F.3d 841, 844-45 (9th Cir.2004)

Under the "inverse ratio rule," a lower standard of proof of substantial similarity is required when a high degree of access is shown and a prominent factor in using inverse ratio analysis is a concession of access by the defendant to the plaintiff's copyrighted work. *Rice v. Fox Broadcasting Co.*, 330, F.3d 1170, 1178 (9th Cir.2003)

Authority:

9th Cir. 17.15 and supplemental instructions

Instruction No. 43 Re SUBSTANTIAL SIMILARITY—EXTRINSIC TEST AND INTRINSIC TEST

To determine whether two works are substantially similar, you must use you a two-part "extrinsic and intrinsic" test. The purpose of this test is to identify the protectable expression of a work in order to assess whether it is substantially similar to that in another work.

1. Extrinsic Test:

The extrinsic test is an objective comparison of specific expressive elements.  It focuses on the articulable similarities between the two works.

In applying this test, you must distinguish between protectable from unprotectable elements and determine whether the protectable elements are substantially similar.  Original selection, coordination, and arrangement of unprotectable elements may be protectable expression.  You must examine the similarities between the works in their objective details in appearance, including, but not limited to, the subject matter, shapes, colors, materials and arrangement of the representations.

2. Intrinsic Test:

The intrinsic test is a subjective comparison.

In applying this test, you must determine whether the ordinary, reasonable audience would find the works substantially similar in the total concept and feel of the works.

Authority:

Comment to 9th Cir. 17.17; *L.A. Printex Industries v. Aeropostale*, 676 F.3d 841, 848-50 (9th Cir. 2012); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 362 (1991); *Cavalier v. Random House, Inc.,* 297 F.3d 815, 826-27 (9th Cir. 2002).

Instruction No. 44 Re COPYRIGHT INFRINGEMENT—COPYING—ACCESS DEFINED

The plaintiff must show by a preponderance of the evidence that the defendant or whoever created the work owned by the defendant had access to the plaintiff's work. You may find that the defendant had access to the plaintiff's work if the defendant or whoever created the work owned by the defendant had a reasonable opportunity to view, read, hear, or copy the plaintiff's work before the defendant's work was created.

Access may be shown by:

1. a chain of events connecting plaintiff's work and the defendant's opportunity to view or copy that work, such as dealings through a third party (such as a manufacturer, distributor or publisher) that had access to the plaintiff's work and with whom both the plaintiff and the defendant were dealing; or

2. the plaintiff's work being widely disseminated (a widespread dissemination analysis also takes into account the proximity of the businesses); or

3. similarity between the plaintiff's work and the defendant's work that is so "striking" that it is highly likely the works were not created independent of one another.

Authority:

9th Cir. 17.16 *as modified*; *L.A. Printex Industries v. Aeropostale*, 676 F.3d 841, 848 (9th Cir. 2012).

Instruction No. 45 Re STRIKING SIMILARITY

Even in the absence of any proof of access, a copyright plaintiff can still make out a case of infringement by showing that the designs are 'strikingly similar'.  Access may be inferred from "striking similarity."

A striking similarity is one sufficiently unique or complex as to make it unlikely that it was independently created. An important factor in analyzing the degree of similarity of the two works is the uniqueness of the sections that are asserted to be similar.  If two works are particularly intricate, then it is more likely that the two works were not created independently of one another. Some similarities that may be particularly suspicious, such as minor variations in an effort to give the appearance of dissimilarity, are themselves evidence of copying.

Authority:

Supplemental Instruction to 9th Cir. 17.16; *Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 485 (9th Cir.2000) (citing *Smith v. Jackson,* 84 F.3d 1213, 1220 (9th Cir.1996) and *Baxter v. MCA, Inc*., 812 F.2d 421, 423 (9th Cir.); *Selle v. Gibb*, 741 F.2d 896, 903 (7th Cir.1984); *Baxter v. MCA, Inc*., 812 F.2d 421, 423 (9th Cir.) cert. denied, 484 U.S. 954 (1987).

PROPOSED JURY INSTRUCTIONS

Instruction No. 46 Re INNOCENT INFRINGEMENT IS NO DEFENSE

Once a plaintiff has proven ownership the copyright of a particular work, and that defendant has infringed upon the exclusive rights of the copyright owner, the defendant is liable for the infringement and this liability is absolute. *Warner Bros. Records Inc. v. Walker*, 704 F. Supp. 2d 460, 465 (W.D. Pa. 2010), citing *Pinkham v. Sara Lee Corp.*, 983 F.2d 824, 829 (8th Cir. 1992).

Innocent intent is generally not a defense to copyright infringement. *Warner Bros. Records Inc. v. Walker*, 704 F. Supp. 2d 460, 465 (W.D. Pa. 2010), citing *Williams Electronics, Inc. v. Artic Intern., Inc.*, 685 F.2d 870, 878 (3d Cir. 1982).

Thus, a defendant is liable even for "innocent" or "accidental" infringements, and a plaintiff need not demonstrate intent or even knowledge of infringement to prove a copyright claim. *Warner Bros. Records Inc. v. Walker*, 704 F. Supp. 2d 460, 465 (W.D. Pa. 2010), citing *Chavez v. Arte Publico Press*, 204 F.3d 601, 607 (5th Cir. 2000); *Pinkham v. Sara Lee Corp.*, 983 F.2d 824, 829 (8th Cir. 1992); *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.*, 807 F.2d 1110, 1113 (2d Cir. 1986); *Tri-State Roofing & Sheet Metal, Inc. v. Occupational Safety & Health Review Com'n*, 685 F.2d 878 (4th Cir. 1982).

Authority:
*Warner Bros. Records Inc. v. Walker*, 704 F. Supp. 2d 460, 465 (W.D. Pa. 2010) (citations omitted).

Instruction No. 47 Re DERIVATIVE LIABILITY—VICARIOUS INFRINGEMENT AS TO JOLLYCHIC INC AND HAIYAN LI —ELEMENTS AND BURDEN OF PROOF

If you find that any other party besides defendant infringed the plaintiff's copyright in the subject design, you may consider the plaintiff's claim that defendant vicariously infringed that copyright.

The plaintiff has the burden of proving each of the following by a preponderance of the evidence:

1. the defendant profited directly from the infringing activity of any of the direct infringers;
2. the defendant had the right and ability to supervise or control the infringing activity of any of the direct infringers; and
3. the defendant failed to exercise that right and ability.

If you find that the plaintiff proved each of these elements, your verdict should be for the plaintiff if you also find that the defendant infringed the plaintiff's copyright.  If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

Authority:
9th Cir. 17.20

PROPOSED JURY INSTRUCTIONS

Instruction No. 48 Re DERIVATIVE LIABILITY—CONTRIBUTORY INFRINGEMENT AS TO JOLLYCHIC INC. AND HAIYAN LI

A defendant may be liable for copyright infringement engaged in by another if he/she/it knew or had reason to know of the infringing activity and intentionally induces or materially contributes to that infringing activity.

If you find that another party infringed the plaintiff's copyright in the subject design, you may proceed to consider the plaintiff's claim that the defendant contributorily infringed that copyright. To prove copyright infringement, the plaintiff must prove both of the following elements by a preponderance of the evidence:

1. the defendant knew or had reason to known of the infringing activity of the direct infringer; and
2. the defendant intentionally induced or materially contributed to the direct infringer's infringing activity.

If you find that the defendant infringed the plaintiff's copyright and you also find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either or both of these elements, your verdict should be for the defendant.

Authority:
9th Cir. 17.21

Instruction No. 49 Re COPYRIGHT—DAMAGES

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff is entitled to recover the actual damages suffered as a result of the infringement. In addition, the plaintiff is also entitled to recover any profits of the defendant attributable to the infringement. The plaintiff must prove damages by a preponderance of the evidence.

Authority:
9th Cir. 17.22

PROPOSED JURY INSTRUCTIONS

Instruction No. 50 Re COPYRIGHT—DAMAGES—ACTUAL DAMAGES

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work. That amount also could be represented by the lost license fees the plaintiff would have received for the defendant's unauthorized use of the plaintiff's work.

Authority:
9th Cir. 17.23

PROPOSED JURY INSTRUCTIONS

Instruction No. 51 Re COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS

In addition to actual damages, the copyright owner is entitled to any profits of the defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the defendant's profits only if you find that the plaintiff showed a causal relationship between the infringement and the profits generated indirectly from the infringement.

The defendant's profit is determined by deducting all expenses from the defendant's gross revenue.

The defendant's gross revenue is all of the defendant's receipts from the use or sale of a garment or fabric containing or using the copyrighted subject design associated with the infringement. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing the defendant's gross revenue. Operating costs, overhead costs and production costs are only deductible from the defendant's gross revenue if the defendant can prove that these costs were of actual assistance in the production, distribution or sale of the infringing product. The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the use or sale of a garment or fabric containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the portion of the profit, if any, attributable to factors other than copying the copyrighted work.

Authority:
9th Cir. 17.24 *as modified*; *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1332 (9th Cir.1984).

Instruction No. 52 Re BURDEN OF PROOF TO EXPENSES

Defendants bear the burden of establishing that they incurred any expenses in connection with their sale of the allegedly-infringing goods.

Only if a particular expense or overhead item can be specifically related to the goods in question can it be deducted. This is true even if expense or overhead increases losses or decreases gains for the enterprise as a whole. The burden is on the defendant to show the connection between a claimed expense and the goods at issue.

Any doubts as to the correctness of the expense or overhead calculations should favor Plaintiff.

Authority:

17 U.S.C. § 504(b); *Three Boys Music Corn. v. Bolton*, 212 F.3d 477, 487 (9th Cir. 2000); *JBJ Fabrics, Inc. v. Mark Industries, Inc*., 1987 U.S. Dist. LEXIS 13445 at *15 (C.D. Cal. Nov. 4, 1987) ("Only if a particular 'overhead' item can be specifically related to the goods in question can it be deducted. This is true even if overhead increases losses or decreases gains for the enterprise as a whole.") (citing Judge Posner's discussion in *Taylor v. Meirick*, 712 F.2d 1112 (7th Cir. 1983), 3 NIMMER ON COPYRIGHT § 14.02 (1987) and FARNSWORTH, CONTRACTS § 12.10 (1982)). "The Ninth Circuit is in accord with this view." *Kamar International, Inc. v. Russ Berrie & Co., Inc*., 752 F.2d 1326, 1333 (9th Cir. 1984) (burden of proof is on defendants to show connection between deduction for expenses and sale of infringing product); *Eales v. Envtl. Lifestyles, Inc*., 958 F.2d 876, 881 n.4 (9th Cir. 1992) ("Any doubts as to the correctness of the profit calculation should…be resolved in favor of the Plaintiff."); *Frank Music Corp. v. Metro Goldwyn-Mayer, Inc*., 772 F.2d 505, 518 (9th Cir. 1985); *Frank Music Corp. v. Metro Goldwyn-Mayer, Inc*., 886 F.2d 1545, 1549 (9th Cir. 1989); *Nintendo of Am. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1012 (9th Cir. 1994).

Instruction No. 53 Re COPYRIGHT DAMAGES—STATUTORY DAMAGES

If you find for the plaintiff on the plaintiff's copyright infringement claim and if the plaintiff choose to seek statutory damages instead of actual damages, you must determine the plaintiff's damages. The plaintiff may choose to seek a statutory damage award, established by Congress for the subject design.  Its purpose is to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.

However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

Authority:
9th Cir. 17.25

PROPOSED JURY INSTRUCTIONS

Instruction No. 54 Re COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT

An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

1.  the defendant engaged in acts that infringed the copyright; and
2.  the defendant knew that those acts infringed the copyright.

Authority:
9th Cir. 17.27

1  Instruction No. 55 Re MODIFICATIONS AS EVIDENCE OF WILLFUL INFRINGEMENT

2

3  If you find that the fabric at issue in this case bears a design which has been modified, you may

4  find that modification to be evidence that the defendant knew the designs were copyrighted, and

   that they knew they were committing infringement.

5

6  Also, the allegedly infringing design does not have to be identical to the plaintiff's design and

7  slight modifications to the design do not allow the manufacturers and sellers of product bearing

8  the modified design to escape liability for infringement.

9

10 Authority:

11 *Runge v. Lee*, 441 F.2d 579, 582 (9th Cir. 1971) (slight modifications made to obfuscate piracy

12 do not allow an infringer to escape liability for the infringement.); *Universal Pictures Co., Inc. v.*

   *Harold Lloyd Corp.*, 162 F.2d 354, 360 (9th Cir. 1947)("[An] infringement is not confined to

13 literal and exact repetition or reproduction; it includes also the various modes in which the matter

14 of any work may be adopted, imitated, transferred, or reproduced, with more or less colorable

15 alterations to disguise the piracy."); *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 56

16 (2d Cir. 1936) ("... no plagiarist can excuse the wrong by showing how much of his work he did

17 not pirate."); *Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 121 (2d Cir. 1930) (infringement

18 "cannot be limited literally to the text, else a plagiarist would escape by immaterial variations.").

19

20

21

22

23

24

25

26

27

28

PROPOSED JURY INSTRUCTIONS

Instruction No. 56 Re SALES AFTER NOTICE OF INFRINGEMENT AS EVIDENCE OF WILLFUL INFRINGEMENT

If you find that the defendant received notice of the infringement at issue, but continued to sell the infringing product despite this notice, you may consider that to be evidence of willful infringement.

Authority:

*Dolman v. Agee*, 157 F.3d 708, 715 (9th Cir.1998) (sales after notice constitute willful infringement)

Instruction No. 57 Re PERSONAL LIABILITY OF CORPORATE OFFICERS

PROPOSED JURY INSTRUCTIONS

A corporate officer can be held liable for the infringing acts of his corporation if you find that the corporate officer personally participated in the acts constituting infringement.

Authority:

*Comcast of Illinois X v. Multi-Vision Electronics*, 491 F. 3d 938, 947 (8th Cir. 2007); *Pinkham v. Sara Lee Corp.*, 983 F. 2d 824, 834 (8th Cir. 1992); *HM Kolbe Co. v. Shaff,* 240 F. Supp. 588 (S.D. N.Y. 1965) (holding that an individual who causes a corporate defendant to infringe copyright and personally participates in the infringing activity is jointly and severally liable with the corporation for the infringement.); *See also Committee v. Yost*, 92 F. 3d 814, 823 (9th Cir. 1996) ("[a] corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf")